IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

03 MAY -1  AM 9: 14

U.S. ... ... .. COURT
N.D. OF ALABAMA

KEITH NISBETT,                    )
                                  )
            Plaintiff,            )
                                  )
vs.                               )        CV 02-H-0309-NE
                                  )
SERGEANT CHARLES BROCK, et al.,   )
                                  )
            Defendants.           )

ENTERED

MAY - 1 2003

MEMORANDUM OPINION

        The magistrate judge filed a report and recommendation on March 26, 2003, recommending

that all of the claims in this action except the Eighth Amendment claim and all of the defendants in

this action except Sgt. Brock, Officer Vaughn, Officer Mitchell, and Officer Cossey be dismissed.

The defendants filed objections to the report and recommendation pointing out that the plaintiff

seeks damages for both physical and emotional injuries, and directed the court to the portion of the

PLRA which states that:

        No Federal civil action may be brought by a prisoner confined in a jail, prison, or
        other correctional facility, for mental or emotional injury suffered while in custody
        without a prior showing of physical injury.

42 U.S.C. § 1997e(e).

        The Eleventh Circuit Court of Appeals has said that the intention of Congress was set out

clearly in the statute and prisoners must make a showing of physical injury before bringing any

federal civil action for mental or emotional injuries. *See Harris v. Garner*, 216 F.3d 970 (11th Cir.

2000). Moreover, the courts have concluded that the *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct.

995, 117 L. Ed. 2d 156 (1992), analysis of Eighth Amendment cruel and unusual punishment claims

35

is to be applied in such cases and that the physical injury complained of must be more than *de minimis*. *See Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)(a sore bruised ear which lasts three days was not significant). The defendants argue that the plaintiff has failed to show that he suffered more than *de minimis* injuries and that his claim that the defendants subjected him to cruel and unusual punishment is due to be dismissed.

The Eighth Amendment to the Constitution prohibits the infliction of cruel and unusual punishments on those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323, 115 L. Ed. 2d 271 (1991). The Supreme Court held in *Hudson v. McMillian*, 503 U.S. 1, that "whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry [in determining whether a prisoner has suffered unnecessary and wanton pain] is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In extending *Whitley* to all cases involving allegations of force, the Court reasoned:

> Many of the concerns underlying our holding in *Whitley* arise whenever guards use force to keep order. Whether the prison disturbance is a riot or a lesser disruption, corrections officers must balance the need "to maintain or restore discipline" through force against the risk of injury to inmates. Both situations may require prison officials to act quickly and decisively. Likewise, both implicate the principle that "'[p]rison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'"

*Hudson*, 503 U.S. at 6 (citations omitted). With these concerns in mind, the Supreme Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They include: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the prison official; 4) any

efforts made to temper the severity of a forceful response; and 5) the extent of the injury suffered by the inmate. The *Hudson* Court made it clear that the extent of injury suffered by the inmate is only one of the many factors which should be considered, not a decisive one when it said, "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it." *Hudson*, 503 U.S. at 7. However, the Eighth Amendment's prohibition of cruel and unusual punishment excludes from constitutional recognition *de minimis* uses of physical force, provided the force is not of a sort "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10.

In *Luong v. Hatt*, 979 F. Supp. 481 (N.D. Tx. 1997), the court took a common sense approach to defining a *de minimis* injury by comparing the injury to the way someone in the free world would treat the injury. The court observed that free world people suffer numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., in just every day living for which they never seek professional medical care. The court concluded, "[A] physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks." *Luong*, 979 F. Supp. at 486. Accordingly, injuries treatable at home and with over-the-counter drugs, heating pads, or rest, do not fall within the parameters of 1997e(e). *Id.*

After consideration of the defendants' argument, and a careful review of the plaintiff's claim that he was punched in the face which caused pain in his head and ear and on another occasion suffered pain and a nose bleed, the court concludes that there is a lack of physical injury of such a nature as to constitute a claim for which relief could be granted.

An action barred by § 1997e(e) is barred only during the imprisonment of the plaintiff and the plaintiff may bring the claim once he is released from prison. *Napier v. Preslicka*, 314 F.3d 528,

531 (11th Cir. 2002), therefore, the claim of cruel and unusual punishment against Sgt. Brock, Officer

Vaughn, Officer Mitchell, and Officer Cossey is due to be dismissed without prejudice.

The plaintiff has also filed objections to the report and recommendations, however, he has

not submitted any facts to support his objections.  Included with his objections, the plaintiff appeals

the ruling of the magistrate judge on his earlier discovery motion.  The plaintiff requested documents

which the magistrate judge determined were not necessary in order to rule on the defendants' motion

for summary judgment. The decision of magistrate judge to deny the discovery motion is affirmed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including

the report and recommendation and the objections thereto, the court is of the opinion that the

complaint is due to be dismissed  pursuant to 28 U.S.C. § 1915A(b).  The magistrate judge's report

and recommendation regarding the dismissal with prejudice of all of the plaintiff's claims except the

Eighth Amendment claim of excessive force is due to be and hereby is adopted.  Accordingly, these

claims are due to be dismissed with prejudice. The court further rejects the magistrate judge's report

and recommendation to the extent it states that the defendants' motion for summary judgment on the

plaintiff's Eighth Amendment claim of excessive force against Sgt. Brock, Officer Vaughn, Officer

Mitchell, and Officer Cossey is due to be denied.  Accordingly, this claim is also due to be

dismissed, but without prejudice.  A Final Judgment will be entered.

DATED this ___1ST___ day of ___MAY___, 2003.

_____
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE